# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANGELA AUSTIN, *et al.*, | ) |
|         Plaintiffs, | ) Case No.  2:11-cv-01767-PMP-GWF |
| vs. | ) **ORDER** |
| LIFE PARTNERS, INC.; LIFE PARTNERS HOLDINGS, INC., | ) |
|         Defendants. | ) |

      This matter comes before the Court on Defendants Demand for Security Costs (#8-35), filed on February 7, 2012; Plaintiff's Objection to Defendants' Demand for Cost Bond (#36) and Motion for Attorney's Fees (#37), filed on February 15, 2012; Defendants' Reply in Support of Their Demand for Security (#38), filed on February 22, 2012; and Defendants' Response to Plaintiffs' Motion for Attorneys' Fees (#40), filed on February 29, 2012.

## BACKGROUND

      On November 3, 2011, Plaintiffs filed their Complaint (#1), alleging that Defendants violated the Nevada statutory provisions regarding the advertisements of viatical settlement investments along with claims of breach of fiduciary duty, breach of contract, breach of covenant of good faith and fair dealing.  The answer to the complaint was due on December 27, 2011; the parties however agreed to extend the time in which to file an answer until January 13, 2012.[1] Defendants however failed to file their answer on January 13, 2012.   On February 6, 2012, Plaintiffs sent Defendants a Three Day Notice of Intent to Take Default in light of their failure to

---

[1] Both parties represent that they agreed to extend the time to file an answer until January 13, 2012.  However, no stipulation was filed with the Court concerning this matter.

answer or otherwise respond to Plaintiffs' Complaint (#1).  On February 7, 2012, Defendants filed Demands for Security of Costs (#8-35) against each of the Plaintiffs in this action.  Plaintiffs now object to Defendants' Demand for Security Costs, arguing that the demand is untimely.

## DISCUSSION

Federal Rules of Civil Procedure do not contain a provision relating to security of costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs. *In re Merrill Lynch Relocation Management, Inc.*, 812 F.2d 1116, 1121 (9th Cir.1987). "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved." 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2671 (footnotes omitted).   It has been the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS 18.130 in diversity actions. This is also the general practice elsewhere. *See Ilro Productions, Ltd. v. Music Fair Enterprises*, 94 F.R.D. 76 (S.D.N.Y.1982); *Keller Research Corp. v. Roquerre*, 99 F.Supp. 964 (S.D.Cal.1951); *Port Construction Company v. Virgin Islands Housing Authority*, 284 F.Supp. 774 (D.V.I.1968).

A cost bond is used to ensure that the prevailing defendants can recover costs from non-resident plaintiffs at the conclusion of an action.  N.R.S. 18.130 provides:

> When a plaintiff in an action resides out of state, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and service on plaintiff of a written demand therefor *within the time limited for answering the complaint*. When so required, all proceedings in the action shall be stayed until an undertaking, executed by two or more persons, be filed with the clerk, to the effect that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action, not exceeding the sum of $500; or in lieu of such undertaking, the plaintiff may deposit $500, lawful money, with the clerk of the court, subject to the same conditions as required for the undertaking ...

N.R.S. 18.130 (emphasis added). "The initial request must be made within the time limit for answering the complaint." *Simulnet East Associates v. Ramada Hotel Operating Co.*, 37 F.3d 573, 575 (9th Cir.1994).

1   Here, the original time for answering the complaint was December 27, 2011.  The parties thereafter agreed to extend the deadline until January 13, 2012.  No request for cost bond was filed until twenty five days after the agreed upon deadline.  Defendants fail to provide the Court with a reason for the failure to timely file their demand.  Instead, Defendants argue that the time for filing an answer had not expired in light of the Three Day Notice of Intent to Take Default.  The Court finds this argument unpersuasive.  The additional three days granted by Plaintiff to avoid a default judgment does not extend the time for demanding a cost bond pursuant to NRS 18.130.  The deadline for filing an answer was January 13, 2012, as agreed upon by the parties.  Defendants' demands were filed twenty-five days after that deadline.  The Court therefore finds Defendants' Demands for Security Costs are untimely.  *See Corbo v. Fidelity Federal Financial Services Corp.*, 2011 WL 3300336, *2 (D. Nev. 2011).  Plaintiffs additionally request the Court award attorney's fees in the amount of $1400 incurred as a result of having to file this objection.  The Court finds an award of attorneys' fees is not warranted.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Demand(s) for Security Costs (#8-35) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorneys' Fees (#37) is **denied**.

DATED this 5th day of March, 2012.

_George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge