UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANGELA AUSTIN, et al.,

    Plaintiffs,

v.

LIFE PARTNERS, INC.,

    Defendant.

2:11-CV-01767-PMP-GWF

ORDER

    Presently before the Court is Defendant Life Partners, Inc.'s Motion for Summary Judgment (Doc. #68), filed on January 4, 2013. Plaintiffs filed an Opposition (Doc. #73) on February 7, 2013. Defendant filed a Reply (Doc. #74) on February 22, 2013.

**I. BACKGROUND**

    This action arises out of Plaintiffs' purchase of viatical settlement investments through Defendant Life Partners, Inc. ("LPI"). Plaintiffs allege LPI misrepresented the average rate of return of the investments. Plaintiffs also allege LPI failed to disclose that LPI obtained its life expectancy projections used to evaluate the suitability of the investments from a doctor who was on LPI's payroll and who LPI knew historically had rendered inaccurate projections over ninety percent of the time. According to the Complaint, LPI also failed to disclose that if the viator outlived the life expectancy projection, investors would have to invest more funds to pay future premiums, and LPI failed to disclose the amount and frequency of those payments. Finally, Plaintiffs allege LPI used misleading terms in its advertising which Nevada law specifically prohibits.

1    Plaintiffs bring this action asserting against LPI claims for fraudulent
2 misrepresentation (count one), breach of fiduciary duty (count two), breach of the implied
3 covenant of good faith and fair dealing (count three), tortious breach of the implied
4 covenant of good faith and fair dealing (count four), violation of Nevada's viatical
5 settlement statutes (count five), violation of Nevada's Deceptive Trade Practices Act (count
6 six), rescission (count seven), breach of contract (count eight), unjust enrichment (count
7 nine), fraud in the inducement (count ten), and negligence per se (count eleven).  Defendant
8 LPI now moves for summary judgment, arguing all of Plaintiffs' claims are barred by res
9 judicata and collateral estoppel based on a Texas state court action LPI filed against
10 Plaintiffs which proceeded to final judgment.

11    On May 3, 2011, LPI brought suit against Plaintiffs[1] in Texas state court.  (Decl.
12 of R. Scott Peden in Support of Def.'s Mot. Summ. J. (Doc. #69) ["Peden Decl."], Ex. A.)
13 LPI alleged that some Plaintiffs ceased paying their premiums and LPI advanced funds to
14 pay the premiums on Plaintiffs' behalf to keep the policies in force.  (Id. at 15-16.)  LPI also
15 alleged that Plaintiffs had complained about LPI's practices, including inaccurate life
16 expectancy estimates, misrepresentations regarding the rate of return, and that purchasers
17 may have to pay additional premiums.  (Id. at 16.)  LPI asserted breach of contract, quantum
18 meruit, and unjust enrichment claims based on Plaintiffs' failure to pay premiums.  (Id. at
19 17-20.)  LPI also brought a claim for anticipatory breach of contract based on Plaintiffs'
20 indications that they would not make additional premium payments.  (Id. at 21.)  Finally,
21 LPI sought declaratory relief.  (Id. at 22-29.)  Specifically, LPI sought declarations on the
22 following:
23 ///
24

---

[1] Although they are defendants in the Texas state court action, the Court will refer to the plaintiffs in this action as "Plaintiffs" throughout this Order.

2

1          • That the Agency Agreement's merger clause subsumed any representations LPI
2   made to Plaintiffs prior to executing the contractual documents, and thus the relationship
3   between LPI and Plaintiffs is purely contractual.
4          • That any tort claims are barred by the economic loss rule.
5          • That the terms of LPI's contractual obligations were adequately disclosed to
6   Plaintiffs.
7          • That no fiduciary or special relationship existed between LPI and Plaintiffs, and
8   even if such a relationship existed, LPI did not breach such a duty.
9          • That LPI did not breach any contractual duties to Plaintiffs.
10         • That LPI adequately disclosed to Plaintiffs they may be required to provide
11  additional funds to pay premiums.
12         • That LPI was entitled to specific performance of the contract terms requiring
13  Plaintiffs to pay additional premiums.
14         • That LPI disclosed how it would obtain life expectancy estimates, Plaintiffs
15  agreed to these criteria, and LPI fulfilled its contractual duties relating to obtaining the life
16  expectancy estimates.
17         • That the use of the term "life expectancy" adequately conveys to Plaintiffs that
18  it is an estimate, LPI made no guarantee regarding how long insureds would live or what
19  rate of return Plaintiffs would receive, and LPI did not breach any contractual duties related
20  to the life expectancy estimates or rate of return.
21  (Id.)
22         On November 14, 2011, Plaintiffs entered a special appearance in the Texas state
23  court action, challenging whether that court had personal jurisdiction over Plaintiffs, and,
24  alternatively, moving to dismiss for forum non conveniens.  (Peden Decl., Ex. B.)  Plaintiffs
25  argued the matter should be heard in Nevada, where Plaintiffs by that point had filed the
26  present action pending before this Court.  (Id.; Compl. (Doc. #1) (filed on Nov. 3, 2011).)

On May 16, 2012, the Texas court denied Plaintiffs' special appearance. (Peden Decl., Ex. C.) Plaintiffs appealed this decision, but Plaintiffs dismissed the appeal. (Peden Decl., Ex. M.)

On September 11, 2012, LPI moved for summary judgment on all of its claims in the Texas action. (Peden Decl., Ex. D.) Specifically, LPI moved for summary judgment on its breach of contract claim based on Plaintiffs' failure to pay premiums as required, which LPI advanced and paid on certain Plaintiffs' behalf to keep the policies in force. (Id. at 10-13.) LPI also argued Plaintiffs have anticipatorily breached their contracts, entitling LPI to sue for damages to cover future premium payments and/or specific performance of the contractual requirement to fund the premiums. (Id. at 13-16.) LPI also moved for summary judgment on its alternative equitable theories of recovery, quantum meruit and unjust enrichment. (Id. at 26-31.) Finally, LPI moved for summary judgment relating to the requested declaratory relief. (Id. at 16-23.) Additionally, LPI moved for an additional declaration that to the extent Plaintiffs (other than Donald and Gloria Yeaman) have any tort-based claims, those claims are barred by the applicable statute of limitations. (Id. at 24-26.)

On October 5, 2012, Plaintiffs filed a Motion for Continuance and Motion to Withdraw as Counsel in the Texas state court action. (Peden Decl., Ex. F.) Plaintiffs requested a continuance because counsel was forced to withdraw after Plaintiffs were unable to raise sufficient funds to pay past due invoices from counsel and Plaintiffs did not have funds to pay counsel to respond to the summary judgment motion. (Id. at 1-2.) According to Plaintiffs, LPI filed the summary judgment motion strategically to obtain a ruling in the Texas action before this Court could rule on a pending motion in the present action. (Id. at 2.) Plaintiffs also stated that "due to the pending Nevada action, [Plaintiffs] are also in a state of uncertainty as to whether their affirmative claims should be pursued in this Court or in the Nevada action." (Id. at 3.) Plaintiffs thus requested the Texas court

continue the summary judgment ruling until after this Court ruled on a pending motion in this case. (Id.) Plaintiffs also argued a continuance was necessary to allow for discovery. (Id.)

      LPI opposed the continuance, arguing Plaintiffs' counsel failed to comply with the requirements for filing a motion to withdraw as counsel. (Peden Decl., Ex. G at 2-3.) LPI further argued a continuance to conduct discovery was not required because the case had been pending for seventeen months during which Plaintiffs could have conducted discovery. (Id. at 5-6.) LPI contended the Texas court need not await action by this Court, as the Texas court already ruled it had jurisdiction over the action pending before it. (Id. at 7.) Finally, LPI argued the Texas court need not grant a continuance based on counsel's withdrawal because counsel should not be permitted to withdraw where he did not comply with the rules governing withdrawal. (Id. at 7.)

      On October 12, 2012, the Texas state court held a hearing on the Motion for Continuance and Motion to Withdraw as Counsel. (Peden Decl., Ex. H.) The Texas state court denied the Motion for Continuance, continued the hearing on the summary judgment motion to October 25, 2012, and further ruled that Plaintiffs "should not be allowed to file a further response to said Motion for Summary Judgment." (Id.) The Texas state court also continued the Motion to Withdraw until October 25, 2012, to allow counsel time to comply with rules governing withdrawal of counsel. (Id.)

      On October 26, 2012, the Texas state court granted LPI's Motion for Summary Judgment and entered an Amended Final Judgment in LPI's favor. (Peden Decl., Ex. I.) The Texas state court granted judgment on LPI's claims for damages, and enjoined Plaintiffs from refusing to replenish their escrow accounts when additional funds were required to cover policy premiums. (Id. at 1-2.) Additionally, the Texas state court granted declaratory judgment, declaring (1) Plaintiffs' claims are barred by the limitations period, except for Plaintiffs Donald and Gloria Yeaman; (2) the relationship between LPI and

1  Plaintiffs is "purely contractual in nature"; (3) LPI did not breach any contractual duties to
2  Plaintiffs; (4) the Agency Agreement adequately disclosed the terms of how LPI would
3  obtain life expectancies and LPI satisfied its contractual obligations in obtaining the life
4  expectancies; (5) the Agency Agreement disclosed that the life expectancy and rate of
5  return were estimates only, LPI adequately informed Plaintiffs of the risks involved in the
6  investment, and LPI breached no contractual duties to Plaintiffs related to the life
7  expectancies or rates of return; (6) LPI did not breach any contractual duty based on a
8  failure to inform Plaintiffs they may have to pay additional premiums; (7) Plaintiffs
9  anticipatorily breached the agreements entitling LPI to an injunction ordering specific
10 performance under the contracts; (8) the relationship between LPI and Plaintiffs "does not
11 give rise to a fiduciary duty or special relationship," and, "in any event none of the acts or
12 omissions by [LPI] breached any such duty"; (9) any cause of action based on pre-
13 contractual misrepresentations is negated by the Agency Agreement's merger clause; and
14 (10) Plaintiffs' tort claims are barred by the economic loss rule.  (Id. at 2-5.)  The Texas
15 court also awarded attorney's fees against Plaintiffs.  (Id. at 5.)

16         Plaintiffs did not move for a new trial or file a notice of appeal within thirty days
17 of the Texas state court's Amended Final Judgment, filed on October 26, 2012.  (Peden
18 Decl., Ex. L.)  There is no evidence Plaintiffs ever filed a motion or appeal challenging the
19 Texas state court's ruling.

20         Based on the Texas state court's ruling, LPI now moves for summary judgment,
21 arguing Plaintiffs' claims in this action are barred by claim and issue preclusion.  Plaintiffs
22 respond that the Texas action was "irregular," it did not involve all of the same claims, and
23 Plaintiffs were denied a fair opportunity to respond to LPI's summary judgment motion.
24 Plaintiffs thus contend neither claim nor issue preclusion should bar their claims in this
25 case.
26 ///

## II. DISCUSSION

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Initially, the moving party bears the burden of proving there is no genuine issue of material fact. Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002). After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial. Id. The Court views all evidence in the light most favorable to the non-moving party. Id.

Pursuant to 28 U.S.C. § 1738, this Court must give a state court judgment the same full faith and credit as would the courts of the state from which the judgment issued. Engquist v. Or. Dep't of Agric., 478 F.3d 985, 1007 (9th Cir. 2007). Accordingly, the Court looks to Texas preclusion law. For Texas courts to apply claim preclusion, "there must be: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." Citizens Ins. Co. of Am. v. Daccach, 217 S.W.3d 430, 449 (Tex. 2007).

### A. Final Judgment on the Merits by a Court of Competent Jurisdiction

The Texas state court entered an Amended Final Judgment in October 2012. Plaintiffs have not moved that court for a new trial or appealed that ruling. The time for moving for a new trial or filing a notice of appeal has run under Texas law. See Tex. R. Civ. P. 329b(a) (giving thirty days after judgment is signed to file a motion for new trial);

Tex. R. App. P. 26.1 (generally giving 30 days after the judgment is signed to file a notice of appeal, with a potential 90-day period under circumstances not applicable here). Consequently, no genuine issue of fact remains that the Amended Final Judgment in the Texas action is final.

Plaintiffs suggest the Texas court was not a court of competent jurisdiction because Plaintiffs challenged that court's exercise of personal jurisdiction over Plaintiffs. However, the Texas court ruled that it could exercise personal jurisdiction over Plaintiffs. Plaintiffs had an opportunity to challenge that ruling via an appeal, but Plaintiffs dismissed their appeal of the Texas court's ruling on personal jurisdiction. Plaintiffs also argue the Texas court's proceedings and the Amended Final Judgment were "suspect" and "irregular." (Pls.' Opp'n to Life Partners, Inc.'s Mot. Summ. J. (Doc. #73) at 4.) Again, if Plaintiffs believed the Texas court erred, Plaintiffs could and should have appealed those rulings, but Plaintiffs did not do so.

Plaintiffs also contend the Texas state court "completely precluded [Plaintiffs] from filing any substantive opposition to LPI's motion for summary judgment." (Id. at 5.) Plaintiffs thus argue the Amended Final Judgment is not final for claim preclusion purposes because Plaintiffs did not have a full and fair opportunity to be heard. However, Plaintiffs' characterization of the record is incorrect. Plaintiffs could have responded to LPI's motion for summary judgment, but Plaintiffs chose not to do so. Instead, Plaintiffs moved for a continuance without also timely filing an opposition to the summary judgment motion. A party cannot grant itself a de facto continuance by filing a motion for a continuance, and then expect the court to grant the party additional time to respond even if the court denies the motion for a continuance. That Plaintiffs made the strategic decision to rely solely on their motion for a continuance rather than file a response to LPI's summary judgment motion does not mean the Texas court deprived Plaintiffs of a full and fair opportunity to litigate their claims. Additionally, Plaintiffs had the opportunity to appeal the Texas court's

8

Amended Final Judgment, but chose not to pursue their appeal. Plaintiffs thus had a full and fair opportunity to litigate their claims in the Texas state court action. See Maxfield v. Terry, 885 S.W.2d 216, 219 (Tex. Ct. App. 1994) ("If a party does not take advantage of the opportunity the court afforded him to litigate an issue, the responsibility is his own."). No genuine issue of material fact remains that the Texas state court's Amended Final Judgment is a final judgment for claim preclusion purposes.

### B. Identity of Parties

Plaintiffs do not dispute they are the same parties as in the Texas state court action. A review of the captions and allegations in both cases shows Plaintiffs or their privies are parties in both actions. No genuine issue of fact remains that Plaintiffs and LPI are parties in both actions.

### C. Same Claims

Claim preclusion "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). Texas follows a "transactional approach" to determine whether the second action is based on the same claims that were or could have been raised in the first action. Citizens Ins. Co., 217 S.W.3d at 449. Under the transactional approach, "a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." Id. (quoting Barr, 837 S.W.2d at 631). The Court analyzes the "factual matters that make up the gist of the complaint, without regard to the form of action." Barr, 837 S.W.2d at 630. "This should be done pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." Citizens Ins. Co., 217 S.W.3d at 449 (quotation omitted). "Any cause of action which arises out of

those same facts should, if practicable, be litigated in the same lawsuit." Id. at 449 (quotation omitted).

The Texas state court action and this action arise out of the same transaction or series of transactions. Both lawsuits seek to resolve the parties' disputes regarding their contractual obligations as well as related alleged torts arising out of LPI's marketing and sales of viatical settlement investments to Plaintiffs. Plaintiffs' claims in this case therefore are claims which could and should have been adjudicated in the Texas action.

Plaintiffs assert that the Texas state court action addressed Plaintiffs' claims in this case only through declaratory relief, and thus the Amended Final Judgment should have no preclusive effect. Plaintiffs cite no authority for the proposition that Texas courts would not give the same preclusive effect to a declaratory judgment as those courts would give any other final judgment rendered by a court of competent jurisdiction. Texas law is to the contrary, as it provides that a declaratory judgment "has the force and effect of a final judgment or decree." Tex. Civ. Practice & Remedies Code § 37.003(b).

Plaintiffs also contend the Amended Final Judgment does not address Plaintiffs' Nevada statutory claims under Nevada Revised Statutes Chapters 688C and 598. However, Plaintiffs' statutory claims arise out of the same transaction or series of transactions as LPI's claims in the Texas state court action. Plaintiffs acknowledged as much in their own filings. In Plaintiffs' Special Appearance, Plaintiffs stated that they had "filed a lawsuit in Nevada to adjudicate the claims between the parties." (Peden Decl., Ex. B at 8.) Likewise, in Plaintiffs' Motion for Continuance in the Texas action, Plaintiffs stated that if this Court granted LPI's motion to dismiss in this case, Plaintiffs would pursue those claims as counterclaims in the Texas action. (Peden Decl., Ex. F at 3.) Plaintiffs have not argued that they could not have brought their Nevada statutory claims in Texas state court. Accordingly, no genuine issue of material fact remains that Plaintiffs' Nevada statutory claims are part of the same transaction or series of transactions, are claims that could have

been brought in the Texas action, and therefore are subject to claim preclusion based on the Amended Final Judgment in the Texas state court action.

### D. Summary

No genuine issue of material fact remains that the Texas state court entered a prior final judgment on the merits in an action between Plaintiffs and LPI, and the case before this Court is based on the same claims that were or could have been raised in the Texas state court action. Consequently, Plaintiffs' claims in this case are barred under claim preclusion. The Court therefore will grant LPI's Motion for Summary Judgment.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. #68) is hereby GRANTED.

IT IS FURTHER ORDERED that Judgment is hereby entered in favor of Defendant Life Partners, Inc. and against Plaintiffs.

DATED: June 24, 2013

_____
PHILIP M. PRO
United States District Judge