UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANGELA AUSTIN, et al., | ) |
| Plaintiffs, | ) 2:11-CV-01767-PMP-GWF |
| v. | ) |
| LIFE PARTNERS, INC., | ) ORDER |
| Defendant. | ) |

Presently before the Court is Defendant Life Partners, Inc.'s Motion for Award of Attorney's Fees (Doc. #78), filed on July 9, 2013.  Plaintiffs filed an Opposition (Doc. #80) on July 26, 2013.  Defendant filed a Reply (Doc. #81) on August 1, 2013.

**I. BACKGROUND**

The parties are familiar with the facts of this case and the Court will not repeat them here except where necessary.[1]  In May 2011, Defendant brought suit against Plaintiffs in Texas state court for breach of contract and other related claims.  In November 2011, Plaintiffs brought suit against Defendant in this Court for fraud and contract-based claims arising out of the same facts as the Texas action.  In October 2012, the Texas state court entered judgment in favor of Defendant.  Plaintiffs did not move for a new trial or file a notice of appeal of the Texas state court's judgment.  Defendant then moved for summary judgment in this Court on the basis of claim and issue preclusion.  This Court granted Defendant's motion on the basis that Plaintiffs' claims in this case are barred under claim

---

[1] This Order provides a brief summary of the more detailed factual history given in the Court's Order (Doc. #75) granting Defendant's Motion for Summary Judgment.

preclusion.

Defendant now moves for attorney's fees, arguing it is the prevailing party and therefore is entitled to $82,382.75.  Defendant argues the choice of law clause in the parties' contracts requires application of Texas law.  Specifically, Defendant argues it is entitled to attorney's fees under Texas Civil Practice and Remedies Code § 38.001(8), which allows the recovery of attorney's fees for contract claims.  Although § 38.001(8) only applies to contract claims, Defendant argues it is entitled to fees on all claims because the parties' relationship is entirely contractual and Plaintiffs' Complaint included claims for breach of contract.  Defendant also seeks attorney's fees under Nevada Revised Statutes § 18.010(2)(b) because Plaintiffs filed and continued the present action "in an effort to harass [Defendant], to avoid the Texas court rulings and to increase the costs of litigation." (Def. Life Partner, Inc.'s Mot. for Attorney's Fees (Doc. #78) ["Mot. for Fees"] at 6.)

Plaintiffs respond that Nevada law governs and that an award of attorney's fees is inappropriate because Plaintiffs' claims were neither frivolous nor intended to harass.  Plaintiffs further contend that if Texas law governs, Defendant cannot recover attorney's fees because it did not recover damages in this case, and § 38.001(8) requires the recovery of damages to be eligible for a fee award.  Plaintiffs also argue Defendant's requested fees are unreasonable because Defendant's counsel filed only two motions, did not engage in discovery, was not precluded from working on other cases, and was not required to address novel or difficult issues.

**II.  DISCUSSION**

While federal law governs the procedure for requesting attorney's fees, state law governs the substantive issue of whether a party is entitled to attorney's fees.  Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007).  When sitting in diversity, the Court applies the forum state's law to determine whether a party is entitled to attorney's fees.  Id.  Here, the Court need not determine whether Nevada would apply its own law or Texas law

2

exclusively, or if Nevada would apply both, because Defendant is not entitled to attorney's fees under either standard.

### A. Texas Civil Practice & Remedies Code § 38.001(8)

"[L]itigants in Texas are responsible for their own attorney's fees and expenses in litigation." Ashford Partners, Ltd. v. ECO Res., Inc., 401 S.W.3d 35, 41 (Tex. 2012). Generally, "attorney's fees are not recoverable either in an action in tort or a suit upon a contract unless provided by statute or by contract between the parties." New Amsterdam Cas. Co. v. Texas Indus., Inc., 414 S.W.2d 914, 915 (Tex. 1967). Texas allows a party to recover "reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(8). To obtain fees under § 38.001(8), a litigant must: "(1) prevail on a breach of contract claim, and (2) recover damages." MBM Fin. Corp. v. Woodlands Operating Co., 292 S.W.3d 660, 666 (Tex. 2009).

The requirement that a litigant recover damages "is implied from the statute's language: for a fee recovery to be 'in addition to the amount of a valid claim,' the claimant must recover some amount on that claim." Id.; see also, Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997) (holding the plaintiff could not recover attorney's fees under § 38.001 even after the jury found the defendant breached the contract because the jury awarded zero damages to the plaintiff for the breach). A claim under § 38.001(8) does not include a defense to an adverse claim. Rather, to be entitled to fee recovery under § 38.001(8), the claim must be one which could be prosecuted "to a judgment for money or value, even if [the] opponent had never filed [a] competing claim." ITT Commercial Fin. Corp. v. Riehn, 796 S.W.2d 248, 256 (Tex. App. 1990).

Defendant has not satisfied the statutory requirement to recover fees. Defendant succeeded in obtaining a dismissal of Plaintiffs' claims, but it did not present a claim which could be prosecuted apart from Plaintiffs' claims in this case, and Defendant did not recover

3

damages in this case.  Defendant's recovery of damages in the Texas action may entitle it to fees in that action, but the fact that this Court gives full faith and credit to the judgment in Texas state court does not entitle Defendant to a fee award in this case.  Had Defendant wished to recover attorney's fees upon the successful defense of a lawsuit without recovering damages, it could have included a contractual clause allowing for such a recovery.  Intercontinental Grp. P'ship v. KB Home Lone Star L.P., 295 S.W.3d 650, 653 (Tex. 2009) (stating parties can "contract for a fee-recovery standard either looser or stricter than Chapter 38's").  Therefore, the Court will deny Defendant's request for attorney's fees under Texas law.

**B. Nevada Revised Statutes § 18.010(2)(b)**

Nevada permits an award of attorney's fees where a claim or defense "was brought or maintained without reasonable ground or to harass the prevailing party."  Nev. Rev. Stat. § 18.010(2)(b).  A claim or defense "is frivolous or groundless if there is no credible evidence to support it."  Rodriguez v. Primadonna Co., 216 P.3d 793, 800 (Nev. 2009).  A district court has discretion to award attorney's fees, but any award must be based on evidence supporting "a finding that the claim or defense was unreasonable or brought to harass."  Bower v. Harrah's Laughlin, Inc., 215 P.3d 709, 726 (Nev. 2009).

The Court finds Plaintiffs did not bring their claims in this Court to harass Defendant.  This case and the case in Texas state court were brought to resolve the parties' disputes regarding their contractual obligations and related tort claims.  Defendant has not presented any evidence to support a finding that any of Plaintiffs' claims were brought to harass Defendant.

The Court also finds Plaintiffs had reasonable grounds to bring this case in Nevada despite the pending action in Texas.  Sixty-eight of the eighty-three Plaintiffs were Nevada residents, the contracts were marketed in Nevada, and Plaintiffs' alleged harms were felt in Nevada.  (Compl. (Doc. #1) at 3-9; Order on Def.'s Mot. to Dismiss (Doc. #60)

4

1  at 4.) Plaintiffs were not prohibited from bringing suit in this Court because Defendant first
2  filed suit in Texas state court. R.R. Street & Co. v. Transp. Ins. Co., 656 F.3d 966, 975 (9th
3  Cir. 2011) (emphasis omitted). Plaintiffs' decision to bring a parallel action therefore was
4  not groundless. The Court also finds Plaintiffs did not frivolously maintain this suit.
5  Plaintiffs' Complaint survived a motion to dismiss in this action. (Order on Def.'s Mot. to
6  Dismiss (Doc. #60).) Judgment was entered against Plaintiffs in Texas state court because
7  Plaintiffs' counsel was forced to withdraw and Plaintiffs failed to respond to a motion for
8  summary judgment. (Order on Def.'s Mot. for Summ. J. (Doc. #75) at 4.) Defendant then
9  moved for summary judgment in this Court immediately after the Texas state court's
10 judgment, resulting in the conclusion of this case on claim preclusion. The Court therefore
11 declines, in its discretion, to award Defendant attorney's fees sought under § 18.010(2)(b).
12 Because the Court will deny Defendant's fee request, the Court need not address the
13 reasonableness of the requested fees.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Life Partners, Inc.'s Motion for Award of Attorney's Fees (Doc. #78) is hereby DENIED.

DATED: February 24, 2014

_____
PHILIP M. PRO
United States District Judge